UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KIM TURNER BUTLER                               CIVIL ACTION

VERSUS                                          NO: 08-3663

WAL-MART STORES, INC., *ET AL*                  SECTION: R(5)


**ORDER**

Before the Court is Wal-Mart Stores, Inc. and Wal-Mart Louisiana, LLC's Motion for Summary Judgment. The Motion is denied for the following reasons.

**I.  Background**

Kim Butler fell over a wooden pallet stocked with dog food at the Wal-Mart in Boutte, Louisiana. The pallet was in the middle of an aisle and stacked about waist-high with merchandise. (*See* R. Doc. 8-4 at 11)("Q. How high were they stacked on the pallet?  A.  I can't recall if it was to the waist or right below the waist.  It had to be below, a little bit below.")  It is unclear exactly how much space remained between the pallet and

the aisle shelves, but Ms. Butler estimates that the pallet left only a foot or foot-and-a-half of space to maneuver. (*See id.* at 10.) Just before her fall, Ms. Turner stepped between the aisle shelf and the pallet to grab a box of dog medicine. She forgot that the pallet was behind her and "went back" over the pallet, injuring herself. (*See id.* at 12.)

Butler sued Wal-Mart Stores, Inc. and Wal-Mart Louisiana, LLC (collectively "Wal-Mart") for personal injuries in state court and Wal-Mart removed to the Eastern District of Louisiana on 9 June 2008. (*See* R. Doc. 1.) Wal-Mart now moves for summary judgment.

## II. Legal Standards

*i. Summary Judgement*

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249

(1986)). The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325; *see also Lavespere*, 910 F.2d at 178. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See Celotex*, 477 U.S. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1996).

   *ii. Louisiana Merchant Liability*

Louisiana Revised Statute § 9:2800.6 sets the standard for merchant slip-and-fall cases in Louisiana. *Perez v. Wal-Mart Stores, Inc.*, 608 So.2d 1006, 1008-09 (La. 1992). That statute states:

> A.   A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the

premises free of any hazardous conditions which
reasonably might give rise to damage.

B.  In a negligence claim brought against a merchant by
a person lawfully on the merchant's premises for damages
as a result of an injury, death, or loss sustained
because of a fall dues to a condition existing in or on
a merchant's premises, the claimant shall have the burden
of proving, and in addition to all other elements of his
cause of action, that:

(1) The condition presented an unreasonable risk of harm
to the claimant and that risk of harm was reasonably
foreseeable;

(2) The merchant either created or had actual or
constructive notice of the condition which caused damage,
prior to the occurrence; and

(3) The merchant failed to exercise reasonable care.

**III. Analysis**

Wal-Mart gives two arguments for summary judgment.  It first argues that Louisiana law clearly establishes that pallets of merchandise are not unreasonably dangerous.  Wal-Mart then states that it had no duty to protect Ms. Butler from the pallet's open and obvious risks.

Wal-Mart relies on *Taylor v. Wal-Mart Stores, Inc.*, No. 05-

4

1346, 2006 WL 1476031 (W.D. La. May 23, 2006), to argue that a pallet stocked with merchandise is not unreasonably dangerous under Louisiana law. In *Taylor*, the plaintiff fell over a display pallet left in the middle of a shopping aisle that held merchandise stacked to waist height. The court concluded:

> "The law in Louisiana is clear: 'a pallet does not inherently pose an unreasonable risk of harm.' *Reed v. Home Depot, Inc.*, 843 So.2d 588 (La. Ct. App. 2003)(*citing Butler v. Doug's IGA*, 774 So.2d 1067 (La. Ct. App. 2000)). A pallet filled with merchandise in the center of an aisle is a condition any customer would reasonably expect to encounter, and it presents no inherent hazard to the customer exercising reasonable care. There is no dispute in this case that the pallet and the merchandise it held were plainly visible in the middle of the aisle."

2006 WL 1476031, at *1.

*Taylor*'s analysis is intuitive, but does not dictate the result in this case. The cases it relies on do not unequivocally establish that pallets are never unreasonably dangerous. *Reed*'s statement that "a pallet does not inherently pose an unreasonable risk of harm," 843 So.2d at 592, is dicta that relies solely on *Butler v. Doug's IGA*, *supra*. *Butler*, however, simply affirmed a

5

jury's verdict that a particular pallet was not unreasonably dangerous, 774 So.2d at 1071. At best, *Butler* stands for the narrow proposition that there was enough record evidence to uphold the jury's decision that a pallet was not unreasonably dangerous in a given case. It does not clearly establish that merchants cannot be liable when a customer trips over a pallet in their stores.

Wal-Mart makes much of the fact that the pallet was in plain view of Ms. Butler, and that Ms. Butler saw the pallet before falling over it. "It is accurate to state that defendants generally have no duty to protect against an open and obvious hazard." *Hutchinson v. Knights of Columbus, Council No. 5747*, 866 So.2d 228, 234 (La. 2004). But "[t]he degree to which a danger may be observed by a potential victim is [only] one factor in the determination of whether a condition is unreasonably dangerous." *Id.* A peril's obviousness is relevant to the likelihood and magnitude of harm of a given risk. *Id.* Whether a condition is unreasonably dangerous also turns on the utility of the complained-of condition, the cost of preventing the harm, and the nature of the plaintiff's activities in terms of social utility or whether it is dangerous by nature. *Id.* This balancing is "peculiarly ... for the jury or trier of facts." *Reed v. Wal-Mart Fores, Inc.*, 708 So.2d 362, 364 (La. 1998).

Other Louisiana cases have found pallets to be unreasonably dangerous on similar facts. *See Darby v. Brookshire Grocery Co.*, 851 So.2d 358 (La. Ct. App. 2003). The *Darby* plaintiff, for example, "was looking at the prices of the eggs when, without looking, she took a step back and tripped over a green stocking cart which had been left unattended by one of the store employees." *Id.* at 359-60. The appellate court affirmed the plaintiff's verdict, stating that "Store operators ... must anticipate that customers will not always be looking at the floor as they proceed with their shopping, but often will be looking at items on the shelf and, thus, may trip over obstructions in the aisle." *Id.* at 361.

In *Dupas v. Travelers Property Casualty Insurance Co.*, the court considered whether a "gray, four-foot by four-foot by six-inch pallet[].... consist[ing] of upside down brooms in a large garbage can, standing on one of the pallet's sides" was unreasonably dangerous. 762 So.2d 127, 128 (La. Ct. App. 2000). The plaintiff saw the platform but nonetheless fell over it when she reached for a broom. *Id.* The court refused to direct a verdict that the platform was not unreasonably dangerous and the appellate court affirmed. *Id.*

Even though the pallet was in plain view of Ms. Butler, the Court cannot say that a jury could not find the pallet and its

7

placement unreasonably dangerous.  That Ms. Butler saw the pallet before she tripped is not determinative.  This fact did not preclude recovery for the *Dupas* plaintiff.  Rather, "[t]he determination of what the plaintiff knew regarding the risk of injury is made after fault on the part of the defendant has been established, and is governed by comparative fault principles enunciated in La. Civ. Code art. 2323." *Murray v. Ramada Inns, Inc.*, 521 So.2d 1123, 1136 (La. 1988).  Ms. Butler's knowledge is certainly relevant to whether the peril was open and obvious, but as noted, this is only one fact to consider.  Other circumstances weigh against Wal-Mart in this case.  Ms. Butler's deposition testimony indicates that the pallet was placed very close to the shelf, perhaps unreasonably so.  (*See* R. Doc. 8-4 at 10.)  The store was about to close and Wal-Mart could have waited an hour for customers to exit the store before placing the pallet in the middle of the aisle.  In light of *Dupas* and *Darby*, it would be permissible for a jury to find that these circumstances outweigh the pallet's utility and obviousness in this case.

### III. Conclusion

For the reasons stated above, Wal-Mart's Motion for Summary Judgment is DENIED.

New Orleans, Louisiana, this 26th day of May, 2009.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE